# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| OSCAR L. JOHNNY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 10-04008-CV-W-FJG |
| ) | |
| LARRY BORNOWSKI and ) | |
| STAMPEDE CARRIERS, LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Pending before the Court is Plaintiff Oscar Johnny, Jr.'s Motion In Limine to Exclude All Testimony from Defense Expert Dr. Charles Bain. (Doc. No 70). Plaintiff argues that the designation of Dr. Bain is untimely and should also be excluded under Fed. R. Evidence 702 and <u>Daubert v Merrell Dow Pharm. Inc</u>. 509 U.S. 579, 580 (1993).

On June 27, 2011, defendants designated four experts (Doc. No. 47), and also filed a Motion to Amend Third Amended Scheduling Order to Permit Defendants to Name Additional Experts And/Or Supplement Their Expert Affidavits/Reports After the Raw Data Generated By Plaintiff's Retained Expert Paul Deutsch, Ph.D. is Produced. (Doc. No. 49). We granted defendants' motion, stating that the additional experts and/or affidavits were limited to an analysis or review of the raw data received from plaintiff's expert Paul Deutsch. (Doc. No 69).

On July 19, 2011, defendants filed supplemental expert designations. (Doc. No 51). Defendants designated two additional experts: Patrick Caffrey, Ph.D. and Dr. Charles "Ted" Bain. (Doc. No. 51). Defendants stated: "[t]hese designations are made in manner

consistent with the relief requested in the pending motion [to amend the scheduling order based on the raw data received from Paul Deutsch (Doc. No. 49)]."

Plaintiffs now seek to exclude all testimony from Dr. Bain because the designation is untimely. Plaintiffs point out that Bain is a medical doctor with specialized knowledge in biomechanics and injury causation, and his opinions have nothing to do with the raw data subsequently received from Dr. Deutsch. Defendants concede that Dr. Bain's opinions are not limited to an analysis or review of the raw data which was the subject of their motion. (Doc. No. 85). Indeed, defendants admit that Bain did not even review the raw data. (Doc. No. 85). Defendants explain that although their motion may have created unintended confusion, they intended to preserve their ability to designate an additional expert to respond to all aspects of the life care/rehabilitation plan set forth by Deutsch, including plaintiff's physical injuries. (Doc. No. 85).

After carefully reviewing the Bain report, we are satisfied that the designation goes well beyond what the plaintiffs asked for in their motion to amend the third scheduling order. The designation is therefore untimely.

Accordingly, plaintiff's motion in limine to exclude all testimony from Dr. Bain is **GRANTED**. (Doc. No. 70).

**IT IS SO ORDERED.**

/s/ FERNANDO J. GAITAN, JR.
Fernando J. GAITAN, Jr.
Chief United States District Judge

Dated: August 24, 2011
Kansas City, Missouri