IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| OSCAR L. JOHNNY, JR., | ) |
| Plaintiff, | ) No. 10-04008 -CV-FJG |
| vs. | ) |
| LARRY BORNOWSKI and STAMPEDE CARRIERS, LLC, et al., | ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is Defendants Larry Bornowski ("Bornowski") and Stampede Carriers, L.L.C.'s ("Stampede") (collectively "Defendants") Motion to Strike Testimony and Opinions of Plaintiff's Retained Expert Witness Christina D. Kelley (Doc. No. 73).

## I. Background

This is an action arising out of injuries sustained by Plaintiff Oscar Johnny when a tractor trailer, driven by Defendant Bornowski, collided with Plaintiff's 18-wheeler in January 2008. Plaintiff's complaint asserts negligence, negligence per se, and aggravating circumstances warranting punitive damages.

Plaintiff seeks to admit the opinion of trucking standard of care expert, Christina D. Kelly. The expert's opinion relates to Defendant Bornowski's compliance with the U.S. Department of Transportation Federal Motor Carrier Safety Administration Regulations ("Federal Motor Regulations") (Doc. No. 38). Defendant objects to Plaintiff's use of the expert in its present Motion to Strike Testimony and Opinions of Plaintiff's Retained Expert Witness Christina D. Kelly (Doc. No. 73)

## II. Standard of Review

In <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), the Supreme Court interpreted the requirements of Federal Rule of Evidence 702 as it related to expert testimony. In <u>United States v. Vesey</u>, 338 F.3d 913, 916-17 (8th Cir. 2003), <u>cert. denied</u>, 540 U.S. 1202 (2004), the Court stated:

> Rule 702 requires the trial judge to act as a "gatekeeper," admitting expert testimony only if it is both relevant and reliable. See <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The trial court is granted broad discretion in its determination of reliability. <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 142, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The gatekeeper role should not, however, invade the province of the jury, whose job it is to decide issues of credibility and to determine the weight that should be accorded evidence, <u>see Arkwright Mut. Ins. Co. V. Gwinner Oil Co.</u>, 125 F.3d 1176, 1183 (8th Cir. 1997). Expert testimony should be admitted if [1] it is based on sufficient facts, [2] it " is the product of reliable principles and methods," and [3] "the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702; <u>see also</u> <u>General Elec. Co. v. Joiner</u>, 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

<u>Vesey</u>, 338 F.3d at 916-17. "The inquiry envisioned by Rule 702 is, we emphasize, a flexible one" <u>Daubert</u>, 509 U.S. at 594-595. "It is only if an expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." <u>Larson v. Kempker</u>, 414 F.3d 936, 941 (8th Cir. 2005).

## III. Analysis

Plaintiff's expert opines that one of the qualifications for operating a tractor-trailer is a valid medical examiner's certificate. Defendant's medical examiner's certificate was expired on the date and time of the accident. As such, Plaintiff's expert asserts that Defendant was not technically qualified to operate a tractor-trailer. Furthermore, an expired medical examiner's certificate is an out of service violation and without it, the odds of a crash are increased by 18 percent. Plaintiff bases her opinion on the American Transportation Research Institute Truck Crash Involvement

Studies Report ("ATRI Report") of 2002-2004. Plaintiff states that this report was current at both the time the expert rendered her opinion and at the time of the accident in question.

Defendant submits that although Plaintiff's expert relied on Federal Motor Regulations to opine that a valid medical examiner's certificate is mandatory for operation of a tractor trailer, the expert cites no regulations or authority for the ultimate conclusion that Defendant Bornowski's expired certificate made him unqualified for operation. Federal Regulations give a sixty-day grace period for renewal. As such, Defendant's trucking license was valid at the time of the accident and thus, the opinion of Plaintiff's expert has no merit. The expert draws a legal conclusion that is not proper for her to present to the jury. Furthermore, the ATRI Report relied on by the expert is outdated as it was superseded by the 2008-2009 ATRI Report. Finally, the expert's opinion is not relevant to any pending issue in this case. There is no evidence or testimony that any medical condition of Defendant Bornowski contributed in any way to cause the accident in question.

After carefully reviewing the arguments of both parties and report of Plaintiff's expert, the Court believes that the expert's testimony is relevant and the arguments presented by Defendant are more properly the subject of cross-examination, not the striking of the testimony.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion to Strike Testimony and Opinions of Plaintiff's Retained Expert Witness Christina D. Kelley (Doc. No. 73) is **DENIED**.

Date: October 31, 2011  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri   Fernando J. Gaitan, Jr.
                        Chief United States District Judge