# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

OSCAR L. JOHNNY, JR.,                      )
                                           )
              Plaintiff,            )        No. 10-04008 -CV-FJG
                                           )
vs.                                        )
                                           )
LARRY BORNOWSKI and                        )
STAMPEDE CARRIERS, LLC,                    )
et al.,                                    )
                                           )
              Defendants.           )

# ORDER

Currently pending before the Court is Plaintiff Oscar Johnny's Motion in Limine to Exclude all Testimony from Defense Expert Dr. Andrew Pavlovich (Doc. No. 74).

## I.    Background

This is an action arising out of injuries sustained by Plaintiff Oscar Johnny when a tractor trailer, driven by Defendant Bornowski, collided with Plaintiff's 18-wheeler in January 2008. Plaintiff's complaint asserts negligence, negligence per se, and aggravating circumstances warranting punitive damages.

Defendant seeks to admit the expert opinion of Dr. Andrew Pavlovich - ear, nose, and throat specialist. The expert's opinion evaluates a hearing test that was administered to Plaintiff to determine whether Plaintiff lost his hearing as a result of the accident (Doc. No. 64). Plaintiff objects to Defendant's use of the expert in its present Motion in Limine to Exclude all Testimony from Defense Expert Dr. Pavlovich (Doc. No. 74).

## II. Standard of Review

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the Supreme Court interpreted the requirements of Federal Rule of Evidence 702 as it related to expert testimony. In United States v. Vesey, 338 F.3d 913, 916-17 (8th Cir. 2003), cert. denied, 540 U.S. 1202 (2004), the Court stated:

> Rule 702 requires the trial judge to act as a "gatekeeper," admitting expert testimony only if it is both relevant and reliable. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The trial court is granted broad discretion in its determination of reliability. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 142, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The gatekeeper role should not, however, invade the province of the jury, whose job it is to decide issues of credibility and to determine the weight that should be accorded evidence, see Arkwright Mut. Ins. Co. V. Gwinner Oil Co., 125 F.3d 1176, 1183 (8th Cir. 1997). Expert testimony should be admitted if [1] it is based on sufficient facts, [2] it " is the product of reliable principles and methods," and [3] "the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702; see also General Elec. Co. v. Joiner, 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

Vesey, 338 F.3d at 916-17. "The inquiry envisioned by Rule 702 is, we emphasize, a flexible one" Daubert, 509 U.S. at 594-595. "It is only if an expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." Larson v. Kempker, 414 F.3d 936, 941 (8th Cir. 2005).

## III. Analysis

Defendant's expert opines three fundamental assertions. First, a hearing test has many parts to it and some of the parts are designed to give the audiologist a certain amount of confidence in the accuracy of the test. There were inconsistent responses given by Plaintiff in the hearing tests administered after the accident that are suggestive of invalid or exaggerated responses that call into question the validity of the tests. Second, when inconsistent responses are provided during a hearing test, the appropriate course is to repeat the test, which was not done with respect to Plaintiff. Finally, if the responses are deemed consistent, the expert concludes to a

reasonable degree of medical certainty that the reported results of the hearing tests after the accident are no worse than the reported results of the hearing tests before the accident. Defendant asserts that the expert's opinion is based on his objective analysis of the hearing tests at issue and the information that is communicated by the imbedded parts of the test designed to determine whether the test is scientifically valid. The scientific validity of the hearing tests is relevant to the jury's ability to understand what these tests mean and is critical to assisting the jury in determining Plaintiff's hearing loss claim. (Doc. No. 86).

Plaintiff submits that Defendant's expert should be excluded for several reasons. First, Defendant failed to comply with the Court's scheduling order regarding timing of expert disclosures. Second, the expert's report is not a medical opinion that will help the jury decide if Plaintiff sustained any loss of hearing. The expert's opinion is merely an assertion that the technological validity of the testing equipment is not as reliable as his own interpretation of the results. Technological challenges are best suited for audiologists. Third, the expert is not willing to offer his opinions with a degree of medical certainty. Finally, the closest the expert's opinions come to assisting the jury is the opinion that the post-accident test results were no worse than the pre-injury test results. This opinion fails the reliability standards set forth in Rule 702 because the expert has already opined that the post-accident test results were, in his view, invalid. (Doc. No. 74).

After carefully reviewing the arguments of both parties and affidavit of Defendant's expert, the Court finds that the expert's testimony was timely and the arguments presented by Plaintiff go to the weight of the testimony, and not the admissibility. Plaintiff's arguments are more properly the subject of cross-examination, not the striking of the testimony.

**IV.    Conclusion**

For the foregoing reasons, Plaintiff's Motion in Limine to Exclude all Testimony from Defense Expert Dr. Andrew Pavlovich (Doc. No. 74) is **DENIED**

Date: <u>October 31, 2011</u>                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                           Fernando J. Gaitan, Jr.
                                                Chief United States District Judge