IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| OSCAR L. JOHNNY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-04008 -CV-FJG |
| | ) |
| LARRY BORNOWSKI and | ) |
| STAMPEDE CARRIERS, LLC, | ) |
| et al., | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is Defendants Larry Bornowski and Stampede Carriers, LLC's (hereinafter "Defendants") Motion for Application of Oklahoma Substantive Law to Comparative Fault and Damages Issues (Doc. No. 92).

**I. Background**

This is an action arising out of injuries sustained by Plaintiff Oscar Johnny when a tractor trailer, driven by Defendant Bornowski, collided with Plaintiff's 18-wheeler in January 2008. Plaintiff's complaint asserts negligence, negligence per se, and aggravating circumstances warranting punitive damages.

Plaintiff is a resident of Florida. Defendant Bornowski is a resident of Missouri and Defendant Stampede Carriers, LLC is a Limited Liability Company under the laws of the state of Missouri. The accident took place in Oklahoma. Given the number of states involved in this matter, Defendants have filed the present motion for a determination by this Court that Oklahoma substantive law should apply to comparative fault and damages issues in this case.

## II. Choice of Law Analysis

A district court sitting in diversity must apply the choice of law rules of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). When determining choice of law issues, Missouri courts apply the "most significant relationship" test established by the Restatement (Second) of Conflicts of Law. Flynn v. Mazda Motors of America, No. 4:09-CV-2069-HEA, 2010 WL 2775632, at *2 (E.D. Mo. July 14, 2010). In tort actions, the most significant relationship test carries a presumption that the state with the most significant relationship is the state where the injury occurred, absent an overriding interest of another state based on the factors articulated in Section 6 of the Restatement. True v. Conagra Foods, Inc., No. 07-00770-CV-W-DW, 2011 WL 176037, at *8 (W.D. Mo. January 04, 2011). The factors articulated in Section 6 include:

> (a) the needs of the interstate and international systems;
> (b) the relevant policies of the forum;
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;
> (d) the protection of justified expectations;
> (e) the basic policies underlying the particular field of law;
> (f) certainty, predictability, and uniformity of result; and
> (g) ease in the determination and application of the law to be applied.

RESTATEMENT (SECOND) OF CONFLICTS OF LAW § 6 (1971). Courts must consider the following contacts when applying the Section 6 principles:

> (1) the place of the injury;
> (2) the place of misconduct;
> (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and
> (4) the place where the relationship between the parties is centered.

Flynn, 2010 WL 2775632, *2 citing RESTATEMENT (SECOND) OF CONFLICTS OF LAW § 145(2) (1971).

In tort actions, such as the present one, the only applicable Section 6 factors are those listed in paragraphs (b), (c), and (e), which emphasize the relevant policies of the forum, other interested states, and basic policies underlying the field of law. Id. at *3. Under Section 145, the relevant contacts in this case include (1) Oklahoma - the place of the alleged injury; (2) Oklahoma – the place of misconduct; and (3) Florida and Missouri - the place of Plaintiff's residence, Defendant Bornowski's residence, and Defendant Stampede Carriers' place of incorporation and principle place of business. Since Section 145 paragraph (4) emphasizes the relationship between the parties and the particular relationship in this case arises only out of an automobile crash that occurred momentarily in Oklahoma, this contact is limited, and thus, not determinative. Id.

Given that Oklahoma is the place of injury, the Court must determine whether Florida or Missouri has an overriding interest to Oklahoma. As the Restatement notes, "a state has an obvious interest in regulating the conduct of persons within its territory and in providing redress for injuries that occurred there. Thus, subject to only rare exceptions, the local law of the state where conduct and injury occurred will be applied." RESTATEMENT (SECOND) OF CONFLICTS OF LAW § 145 cmt. d (1971). Rare exceptions include situations in which the laws of Plaintiff's residential state impose a higher standard of care in protection of its residents injured in other states or where there are a group of contacts within the same state. Id. § 145 cmt. d & e.

In this case, Plaintiff's residential state of Florida does not have an overriding interest to Oklahoma. This is evidenced by Plaintiff's previously filed case against Defendants in the United States District Court for the Southern District of Florida in

which "the Court [found] no basis to assert personal jurisdiction over Defendants." Johnny v. Bornowski, No. 09-61253-CIV-UNGARO, at *6 (Dec. 22, 2009). Since a choice of law problem is not implicated where contacts of a state are not sufficient under the Federal Constitution, Florida does not have an overriding interest in this case. Hicks v. Graves Truck Lines, Inc., 707 S.W.2d 439, 443 (Mo. App. W.D. 1986).

Furthermore, Missouri also does not have an overriding interest in this case. Plaintiff relies on the holding of Hicks v. Graves Truck Lines, Inc., to argue that Missouri has a strong interest in punishing and deterring its residents from recklessly disregarding the safety of others (Doc. No. 100). Id. In Hicks, a Missouri resident, while driving in Kansas, collided with a vehicle operated by a Kansas corporation. In its determination of which state's comparative fault law should apply, the Court reasoned that Missouri's law should apply because "significant Missouri interests are impaired if the Kansas modified comparative fault doctrine is applied to deny any ratable damage recovery to Missouri claimants who sue in Missouri courts." Id. at 444. In this case, Plaintiff is a Florida resident suing in a Missouri court. Therefore, Hicks is not applicable. The Court finds Plaintiff's argument of Missouri's interest in punishing and deterring its residents from recklessly disregarding the safety of others, unpersuasive.[1]

Considering the above factors, there are none which significantly overcome the presumption that the law of the place of the injury is the appropriate law to apply. As such, Defendants' Motion for Application of Oklahoma Substantive Law to Comparative Fault and Damages Issues (Doc. No. 92) is hereby **GRANTED**.

---

[1] Plaintiff asserts an additional argument for application of Missouri law. Plaintiff states that since Defendants pled affirmative defenses based on Missouri law, Plaintiff relied on Defendants' pleadings in preparing his case. As such, Missouri law should apply (Doc. No. 100). The Court notes that Defendants pled affirmative defenses based on Missouri and Oklahoma law (Doc. No. 4). Therefore, Defendants raised a choice of law issue at the time they filed their Answer. The Court finds Plaintiff's argument without merit.

4

**III.     Defendants' Pleadings Identifying Possible Non-Party Tortfeasors**

Plaintiff submits that should this Court decide to apply Oklahoma substantive law, Defendants should be barred from having the jury consider any fault on the part of non-parties, such as the Oklahoma Department of Transportation and Becco Contractors. Plaintiff argues that the Court's Scheduling and Trial Order set August 8, 2011 as the close of discovery in this matter.  Specifically, the Order warned that "Any last minute discovery submitted too late for the opposing side to timely discover may be stricken." (Doc. No. 81).  Defendants supplemented their response to Interrogatory No. 12 on the last day of discovery – August 8, 2011.  This supplementation named non-parties, the Oklahoma Department of Transportation and Becco Contractors ("Non-Parties"), as additional possible tortfeasors.  Plaintiff submits that this presented an entirely new defense requiring in-depth discovery.  As such, the timing of the supplementary response gave insufficient notice to Plaintiff.  Defendants should not be allowed to pursue this defense at trial.  (Doc. No. 100).

Defendants submit that they indicated from the time their Answer was filed on May 5, 2010, that they would seek to compare the fault of Plaintiff and/or others to reduce any recovery of Plaintiff.  Specifically, Defendants pled as follows:

> Further answering, if Plaintiff sustained injuries or damages, which Defendants deny, said injuries or damages were caused through the sole fault and/or negligence of Plaintiff and/or others, whose fault must be compared with that of Defendants, if any, to bar or reduce any recovery to Plaintiff

(Doc. No. 4).  Furthermore, sworn testimony provided by witnesses on June 16, 2011 implicated the Non-Parties by name.  In addition, two of Defendants' expert witnesses, in their Rule 26 reports filed on July 27, 2011, made claims that the roadway in question

5

was not reasonably safe.  This put Plaintiff on notice of Non-Parties and/or any other person or entity responsible for the condition of the roadway on the date of the accident.  Finally, Defendants argue that Plaintiff has done nothing to bring this argument regarding affirmative defenses to the Court's attention until after the close of discovery and after the deadline for filing motions with the Court. [2]  The appropriate remedy is a Motion to Strike.  Plaintiff has waived any relief in this respect by his inaction.  As such, Defendants claim they should be permitted to pursue this defense at trial.  (Doc. No. 106).

The Court finds that Plaintiff was not adequately put on notice of the possibility of additional non-party tortfeasors.  Therefore, Defendants are barred from having the jury consider any fault on the part of non-parties, such as the Oklahoma Department of Transportation and Becco Contractors.

## IV. Conclusion

Defendants' Motion for Application of Oklahoma Substantive Law to Comparative Fault and Damages Issues (Doc. No. 92) is hereby **GRANTED.**  Defendants are barred from having the jury consider any fault on the part of non-parties.

**IT IS SO ORDERED.**

Date: <u>December 22, 2011</u>               **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                    Fernando J. Gaitan, Jr.
                                                      Chief United States District Judge

---

[2] The Court notes that Defendants' argument is flawed as the Court's Scheduling and Trial Order states that Motions in Limine shall be filed by January 24, 2012 (Doc. No. 109).