**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| OSCAR L. JOHNNY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-04008 -CV-FJG |
| | ) | |
| LARRY BORNOWSKI and | ) | |
| STAMPEDE CARRIERS, LLC, | ) | |
| et al., | ) | |
| Defendants. | ) | |

## ORDER

Currently pending before the Court is Defendants Larry Bornowski and Stampede Carriers, LLC's (hereinafter "Defendants") Motion for Judgment on the Pleadings, or In the Alternative, Motion to Dismiss (Doc. No. 93) and Defendants' Motion for Summary Judgment on the Claim of Punitive Damages (Doc. No. 94).

**I.  Background**

This is an action arising out of injuries sustained by Plaintiff Oscar Johnny when a tractor trailer, driven by Defendant Bornowski, collided with Plaintiff's 18-wheeler in January 2008. Plaintiff's complaint asserts negligence, negligence per se, and aggravating circumstances warranting punitive damages.

Defendants submit the present Motion for judgment in their favor on the pleadings or in the alternative, dismissal of Plaintiff's liability claims (Doc. No. 93). Defendants also submit a Motion for Summary Judgment in their favor on the claim for punitive damages (Doc. No. 104).

## II. Facts

On January 26, 2008 along northbound United States Highway 69 in Pryor, Mayes County, Oklahoma, at approximately 9:07 p.m., Plaintiff Oscar Johnny and Defendant Larry Bornowski were involved in a motor vehicle accident. United States Highway 69 is a divided highway generally running north and south with two lanes going each direction divided by a grass and/or dirt median. The median was muddy on the particular day in question. Plaintiff Johnny, while operating a tractor-trailer combination, lost control of his vehicle and became stuck in the mud in the median (Doc. No. 95).[1] Subsequently, Defendant Bornowski's tractor-trailer combination left the roadway as the left side of his vehicle was pulled into the median by the mud.[2] The left front corner of Defendant's trailer collided with the back right corner of Plaintiff's trailer (Doc. No. 94).[3] At the time of the accident, Defendant Bornowski was an employee acting within the scope of his employment with Defendant Stampede. It is disputed whether Defendant Bornowski had a valid Class A Commercial Driver's License issued by the state of Missouri at the time of the accident. Plaintiff suffered injuries.

## III. Defendants' Motion for Judgment on the Pleadings

Defendants submit the present Motion for Judgment on the Pleadings for this Court to apply Oklahoma law to bar Plaintiff's liability claims. In Count I of the Complaint, Plaintiff alleges negligent hiring, training, supervision, entrustment, and retention against Defendant Stampede. Defendants admit in their Answer that

---

[1] Plaintiff disputes this fact and asserts that Oscar Johnny pulled off the shoulder and his vehicle was disabled and legally stopped in the center median (Doc. No. 104).
[2] Plaintiff does not dispute that there was mud on the shoulder. Plaintiff disputes the fact that Defendant Bornowski's wheels were "pulled" into the median to the extent it is used to indicate no fault on the part of Defendant. Plaintiff asserts that Defendant Bornowski "lost sight of the shoulder" and was traveling at an unsafe speed and failed to maintain control of his vehicle (Doc. No. 104).
[3] Plaintiff submits the impact was not limited to the corners of the trailers. To the contrary, the impact tore open the left side of Defendant Bornowski's trailer, spilling its contents (Doc. No. 104).

Defendant Bornowski was employed by Defendant Stampede on the date and at the time of the accident in question. As such, Defendants contend that Plaintiff has pleaded duplicative imputed liability claims because under Oklahoma law, once Defendants admit that an agency relationship exists between Bornowski and Stampede, Plaintiff is precluded from proceeding on any claim for negligent hiring, training, supervision, entrustment, and/or retention against Defendant Stampede. To do otherwise, would be superfluous. (Doc. No. 93).

Plaintiff submits that although it is aware of the general rule that an employer cannot be held liable for negligent hiring or entrustment once an employer concedes liability on the basis of *respondeat superior*, Missouri and Florida courts have recognized that there are some exceptions to this rule. Plaintiff has pled seven independent acts of negligence committed by Defendant Stampede, and these acts, as well as Defendant Bornowski's acts, jointly and severally caused harm to Plaintiff. As such, Plaintiff asserts it may maintain these separate theories of negligence. (Doc. No. 101).

### A. Standard of Review

When ruling on a motion for judgment on the pleadings, the Court must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party. U.S. v. Any and all Radio Station Transmission Equip., 207 F.3d 458 (8th Cir. 2000). Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law. Id.

## B. Discussion

Under Oklahoma law,[4] once an employer admits vicarious liability for its employee's actions, no further theory of negligence associated with the particular incident may be maintained against the employer. Landreville v. Joe Brown Co., Inc., No. CIV-8-171-KEW, 2009 WL 1437801, *3-4 (E.D. Okla. May 21, 2009). Because vicarious liability can include liability for punitive damages, where a claim for punitive damages is made against the employer based on negligence claims asserted directly against it that are associated with its employee, only the conduct of the employee shall be available to the jury for evaluation of Plaintiff's claim. Id. *citing* Jordan v. Cates, 935 P.2d 289, 292-293 (Okla. 1997). To do otherwise would be unnecessary and superfluous. Id. There has been no deviation from this established legal position by Oklahoma courts. Id. In this case, Defendant Stampede admitted vicarious liability for its employee's actions. Therefore, no further theory of negligent hiring, training, supervision, entrustment, and retention may be maintained against Defendant Stampede. A claim for punitive damages based upon Defendant Stampede's conduct is also thus, not permitted.

Accordingly, Defendants' Motion for Judgment on the Pleadings, or In the Alternative, Motion to Dismiss (Doc. No. 93) is hereby **GRANTED**. Plaintiff's claims for negligent hiring, retention, training, supervision, and entrustment articulated in paragraph 42 of Count I of Plaintiff's Complaint are hereby **DISMISSED.**

---

[4] It is important to note that the Court ruled in its previous order analyzing the proper choice of law in this case. Oklahoma substantive law applies to issues surrounding comparative fault and damages (Doc. No. 137).

**IV.     Defendants' Motion for Summary Judgment**

As noted above, under Oklahoma case law, the conduct of Defendant Stampede may not be available to a jury on Plaintiff's claim for punitive damages. However, the question now becomes whether there is sufficient support in the record for the Court to permit Plaintiff's claim for punitive damages regarding Defendant Bornowski's conduct to be submitted to a jury. Defendants raise this issue in their Motion for Summary Judgment (Doc. No. 94).

**A. Standard of Review**

Summary judgment shall be granted when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Plaintiff's evidence is to "be believed and all justifiable inferences are to be drawn in [Plaintiff's] favor." Eastman Kodak Co. v. Image Technical Serv., Inc., 504 U.S. 451 (1992). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

**B. Discussion**

The trial court need not and indeed should not, submit the issue of punitive damages to the jury, where there is no evidence that gives rise to an inference of actual malice or conduct sufficiently outrageous to be deemed equivalent to actual malice or reckless indifference. Kolstad v. American Dental Ass'n., 527 U.S. 526 (1999). It should be presumed that a Plaintiff has been made whole for his injuries by compensatory damages, so punitive damages should only be awarded if the

5

Defendant's culpability, after having paid compensatory damages is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 419 (2003). The mere happening of an accident as a result of inadvertence on the part of the responsible party is insufficient. Hinds v. Warren Transp., 882 P.2d 1099 (Okla. App. 1994).

In this case, the parties dispute whether the accident in question was the result of mere inadvertence on the part of Defendant Bornowski or whether it was the result of reckless indifference to human life so as to warrant submission of punitive damages to the jury. Plaintiff believes it was the result of reckless indifference to human life. According to Plaintiff, at the time of the accident, Defendant Bornowski was not qualified to operate a commercial motor vehicle because his medical examiner's certificate had expired (Doc. No. 104). Defendant Bornowski was aware of its expiration (Doc. No. 104 & Doc. No. 94-3 Ex. 3 p. 15). As such, he was in direct violation of Federal Motor Carrier Safety Regulations (Doc. No. 104-3 Ex. C p. 4). This increased the odds of having a wreck by eighteen percent (18%) (Doc. No. 104-3 Ex. C p. 4). Plaintiff argues this showed reckless indifference to human life (Doc. No. 104).

Defendants contend that the accident was not the result of reckless indifference to human life, but rather the result of mere inadvertence. Defendant Bornowski did not know at the time of the accident that his medical examiner's certificate had expired (Doc. No. 94). It was something that had "just slipped past" him (Doc. No. 94-3 Ex. 3 p. 15). Furthermore, Defendants take issue with Plaintiff's expert testimony that this was a violation of the Federal Motor Carrier Safety Regulations that increased the odds of

6

Case 2:10-cv-04008-FJG   Document 140   Filed 01/04/12   Page 6 of 7

having a wreck (Doc. No. 73 & 90).  As such, this accident was a result of mere inadvertence, not reckless indifference (Doc. No. 94 & 108).

The Court provisionally **GRANTS** Defendants' Motion for Summary Judgment. The Court finds nothing currently in the record that meets the high threshold required for submission of punitive damages to the jury.  Therefore, Count III of Plaintiff's Complaint asserting a right to punitive damages is hereby provisionally **DISMISSED**.

**V.      Conclusion**

Accordingly, Defendants' Motion for Judgment on the Pleadings, or In the Alternative, Motion to Dismiss (Doc. No. 93) is hereby **GRANTED**.  Plaintiff's claims for negligent hiring, retention, training, supervision, and entrustment articulated in paragraph 42 of Count I of Plaintiff's Complaint are hereby **DISMISSED**. Defendants' Motion for Summary Judgment on the Claim of Punitive Damages (Doc. No. 94) is hereby provisionally **GRANTED**.  Count III of Plaintiff's Complaint asserting a right to punitive damages is hereby provisionally **DISMISSED**.

**IT IS SO ORDERED.**

Date: <u>January 4, 2012</u>             **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri             Fernando J. Gaitan, Jr.
           Chief United States District Judge