# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| OSCAR L. JOHNNY, JR., | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No. 10-04008 -CV-FJG |
| LARRY BORNOWSKI and STAMPEDE CARRIERS, LLC, et al., | ) ) ) ) ) |
|     Defendants. | ) |

## ORDER

Currently pending before the Court is Plaintiff Oscar L. Johnny, Jr.'s Motion for Reconsideration (Doc. No. 130).

**I.    Background**

This is an action arising out of injuries sustained by Plaintiff Oscar Johnny when a tractor trailer, driven by Defendant Bornowski, collided with Plaintiff's 18-wheeler in January 2008. Plaintiff's complaint asserts negligence, negligence per se, and aggravating circumstances warranting punitive damages.

Plaintiff seeks to admit the expert opinions of psychologist and rehabilitation expert, Paul Deutsch, Ph.D., and forensic economist, John Ward, Ph.D.. Deutsch's expert opinion evaluates Plaintiff's need for psychological treatment, future medical treatment, work restrictions, diminished work life, and probability Plaintiff will return to work full time or part time (Doc. No. 87 Exhibit 1). Ward's expert opinion forecasts the monetary loss sustained by Plaintiff based on Deutsch's evaluations (Doc. No. 35).

On August 1, 2011, Defendants objected to Plaintiff's use of each expert by filing Motions to Strike Testimony and Opinions of Plaintiff's Retained Expert Witness Paul

Deutsch (Doc. No. 72) and John Ward (Doc. No. 71).  On November 10, 2011, the Court granted Defendants' Motions to Strike (Doc. No. 115).  The Court relied on Hartness v. Union Pacific R. Co., No. 4:07-CV-00269, 2008 WL 5429638, at *2-4 (E.D. Ark. July 28, 2008) for the proposition that testimony of a rehabilitation expert is not admissible if it projects how a person's injuries may shorten his or her work life without sufficient underlying medical support and that while the expert may rely on medical reports in forming his opinions of Plaintiff's employability, he may not testify as a medical expert (Doc. No. 115).  The Court ultimately ruled:

> After carefully reviewing the arguments of both parties and the report of Plaintiff's expert, the Court finds Dr. Paul Deutsch's testimony is inadmissible as it relates to future medical treatments, work restrictions, diminished work life, and probability Plaintiff will return to work full time or part time.  *Deutsch's expert testimony is only admissible as it relates to psychological treatment.  This includes psychological evaluations, individual counseling options, and career guidance counseling.*  To the extent that Dr. John Ward's economic forecast relies on Dr. Paul Deutsch's testimony as to future medical treatments, work restrictions, diminished work life, and probability Plaintiff will return to work full time or part time, Dr. Ward's testimony is also inadmissible.

(emphasis added) (Doc. No. 115).

Plaintiff submits the present Motion for Reconsideration requesting that the Court reconsider its Order granting Defendants' Motion to Strike Testimony and Opinions of Plaintiff's Retained Expert Witness Paul Deutsch and John Ward (Doc. No. 130).

## II.     Standard of Review

Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence.  Arnold v. ADT Sec. Services, Inc., 627 F.3d 716 (8th Cir. 2010) citing Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988).  Federal Rule of Civil Procedure 60(b) states that motions for reconsideration may be used to reconsider a final order on certain enumerated grounds

such as (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence…; (3) fraud…,misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged…; or (6) any other reason that justifies relief. Motions for Reconsideration are not to be used to introduce new evidence that could have been adduced during pendency of the motion at issue and are not the appropriate place to tender new legal theories for the first time. Arnold, 627 F.3d 716, 721.

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the Supreme Court interpreted the requirements of Federal Rule of Evidence 702 as it related to expert testimony. In United States v. Vesey, 338 F.3d 913, 916-17 (8th Cir. 2003), cert. denied, 540 U.S. 1202 (2004), the Court stated:

> Rule 702 requires the trial judge to act as a "gatekeeper," admitting expert testimony only if it is both relevant and reliable. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The trial court is granted broad discretion in its determination of reliability. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 142, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The gatekeeper role should not, however, invade the province of the jury, whose job it is to decide issues of credibility and to determine the weight that should be accorded evidence, see Arkwright Mut. Ins. Co. V. Gwinner Oil Co., 125 F.3d 1176, 1183 (8th Cir. 1997). Expert testimony should be admitted if [1] it is based on sufficient facts, [2] it " is the product of reliable principles and methods," and [3] "the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702; see also General Elec. Co. v. Joiner, 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

Vesey, 338 F.3d at 916-17.

### III. Discussion

Plaintiff submits that its present Motion for Reconsideration should be granted because the Court's previous Order was manifestly in error. First, Plaintiff states that the Court's interpretation and reliance upon Hartness was incorrect. The material facts

3

in Hartness are materially dissimilar to the facts in this action. Plaintiff states that unlike in Hartness, the facts of this action support that there is underlying medical evidence establishing that Plaintiff is permanently physically disabled, that Plaintiff has been given a permanent physical disability rating, and that Plaintiff has permanent physical limitations. Furthermore, in this action, unlike in Hartness, Deutsch's rehabilitation opinions are based upon sufficient underlying *medical and psychological* support. Hartness merely provided medical support. Second, Plaintiff states that Defendants blatantly misrepresented Deutsch's opinions and the underlying evidence upon which Deutsch's opinions are based. Plaintiff proceeds to conduct analysis of each of Deutsch's findings and the evidence upon which Deutsch relied. Plaintiff puts particular emphasis on Deutsch's recommendation of Plaintiff participating in a chronic pain management program. Deutsch asserts that there is a psychological component intertwined with Plaintiff's objective physical pain that even when the objective physical pain ceases to exist, the psychological pain may cause Plaintiff to still believe the objective pain is still present. As such, Plaintiff claims Deutsch is supported in his recommendation of a chronic pain management program. (Doc. No. 130).

Defendant submits that the Court's previous Order was proper and should not be disturbed. First, Plaintiff's effort to distinguish Hartness is unpersuasive. Second, there is nothing that is contained in Plaintiff's Motion to Reconsider that was not available and that could not have been provided to the Court at the time that Plaintiff initially filed his response. Third, at no point did Deutsch conduct a physical evaluation of Plaintiff. Deutsch merely performed a clinical psychological interview. This means that Deutsch is not qualified to testify as a medical doctor. Fourth, two significant medical doctors in this case – Dr. Lorello and Dr. Broom – did not endorse or support Deutsch's proposed

recommendations related to future medical treatment and care.  This is an indicator that Deutsch's recommendations are unreliable.  Fifth, Deutsch's opinions regarding Plaintiff's ability to return to full time or part time work are highly speculative.   Sixth, Plaintiff has not met the high burden required for motions for reconsideration.  Finally, Plaintiff should not be permitted to expand the scope of permissible expert testimony under the vague reference to chronic pain management.  (Doc. No. 138).

After carefully reviewing the arguments of both parties and exhibits, the Court **FINDS** the following:

First, the Court is not persuaded that its reliance on <u>Hartness</u> was manifestly in error.   The facts of the case are analogous to the above-styled action in that the case provides guidance in circumstances where a rehabilitation expert is called to provide an expert opinion to which the expert claims he or she relied on underlying medical evidence in formulating that opinion.  Furthermore, the underlying proposition of <u>Hartness</u> - the testimony of a rehabilitation expert is not admissible if it projects how a person's injuries may shorten his or her work life without sufficient underlying medical support; and while the expert may rely on medical reports in forming his opinions of Plaintiff's employability, he may not testify as a medical expert - is a logical extension of the principles involved in this case and is aligned with public policy.  Although this case involves the opinions of a *psychologist and rehabilitation expert*, the fact that Deutsch is a psychologist only puts forth an additional consideration that his opinions are permitted to also be psychological in nature.  The Court did not discount this and specifically stated in its previous Order that, "Deutsch's expert testimony is…admissible as it relates to psychological treatment."  As such, the Court is justified in its use of the <u>Hartness</u> case.

5

Second, the Court **PROVISIONALLY GRANTS** inclusion of testimony regarding Deutsch's recommendation for Plaintiff's participation in a chronic pain management program and Deutsch's opinions regarding Plaintiff's diminished work life or probability Plaintiff will return to work. However, counsel should provide the Court with segments of Deutsch's deposition testimony, literature relied upon, and any additional items that Plaintiff intends to use during trial with regard to Deutsch's testimony on this subject for prior approval by the Court. These items are to be submitted to the Court **on or before May 25, 2012**.

Finally, the Court continues to **DENY** inclusion of Deutsch's recommendations regarding future medical treatments and work restrictions. The Court still believes such testimony is outside the bounds of Deutsch's qualifications as a psychologist and rehabilitation expert.

## IV. Conclusion

Plaintiff Oscar L. Johnny, Jr.'s Motion for Reconsideration (Doc. No. 130) is **PROVISIONALLY GRANTED** in part and **DENIED** in part. Per the Court's previous Order, Deutsch's expert testimony is admissible as it relates to psychological treatment (Doc. No. 115). This includes psychological evaluations, individual counseling options, and career guidance counseling (Doc. No. 115). Per the Court's Order rendered today, Deutsch's testimony is **PROVISIONALLY GRANTED** to include discussion of chronic pain management program and Plaintiff's diminished work life or probability Plaintiff will be able to return to work. However, Plaintiff must submit segments of Deutsch's deposition testimony, literature relied upon, and any additional items Plaintiff intends to use during trial with regard to Deutsch's testimony on this subject for prior approval by the Court. The items are to be submitted to the Court **on or before May 25, 2012**.

Inclusion of Deutsch's recommendations regarding future medical treatments and work restrictions is **DENIED**. To the extent that Dr. John Ward's economic forecast relies on Dr. Paul Deutsch's testimony as to future medical treatments and work restrictions, Dr. Ward's testimony is also inadmissible.

    **IT IS SO ORDERED.**

Date: April 26, 2012            **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri          Fernando J. Gaitan, Jr.
                                             Chief United States District Judge

7

Case 2:10-cv-04008-FJG   Document 162   Filed 04/26/12   Page 7 of 7