# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

OSCAR L. JOHNNY, JR., )
                                                )
       Plaintiff, )
                                                )
       v. ) Case No. 10-04008-CV-FJG
                                                )
LARRY BORNOWSKI and )
STAMPEDE CARRIERS, LLC, )
et al., )
       Defendants. )

## ORDER

**Plaintiff's Motions in Limine (Doc. No. 151)**

1. Plaintiff seeks to exclude all evidence of or reference to any negligence or fault of the Oklahoma Department of Transportation, Becco Contractors, Inc., and/or any other third party.

   Defendants state that as a matter of trial strategy, a defendant can always elect to assert a defense based on sole cause and argue that the jury should not assign any fault to Plaintiff or Defendant on the jury verdict form because the acts or omissions of a third party and/or in this case, condition of the roadway constitutes the sole cause of the accident. There is a substantial difference between Defendants not being entitled to request that the jury apportion fault to a non-party on the verdict form and ruling that Defendants are precluded from arguing sole cause as part of their defense strategy. The dangerous condition of the roadway in question and conduct of third parties in placing cones on the roadway is highly relevant to understanding the events surrounding the accident. It relates to the reasonableness of the conduct of both Plaintiff and Defendant Bornowski in operating their respective tractor-trailer combinations at the time of the accident.

   **Ruling**: This Motion is **GRANTED**.

2. Plaintiff seeks to exclude all evidence of or reference to construction, maintenance, and/or design of the roadway construction site near and/or around where the collision at issue occurred.

   Defendants argue that evidence and testimony concerning the condition of the roadway is directly relevant to the reasonableness of the conduct of both Plaintiff and Defendant in operating their respective tractor-trailer combinations at the

time of the accident. Furthermore, since reconstruction experts retained by each party have admitted the roadway was in a dangerous condition on the date and at the time of the accident, a description of the roadway provided by witnesses within an hour and a half before, during, and within the time in which the accident occurred is relevant and not unfairly prejudicial. There is almost no risk this testimony would be confusing or misleading to the jury.

**Ruling**: This Motion is **DENIED**. The Court will allow evidence only from witnesses at, near, and/or around where the collision at issue occurred and whose names were timely provided to the Plaintiff.

3. Plaintiff seeks to exclude all evidence of or reference to roadway conditions existing after the collision at issue occurred.

   Defendants state that there has been sworn testimony that other vehicles lost control and became stuck in the median in essentially the same area where Plaintiff lost control of his tractor-trailer. Particularly, witnesses Brandon Wade and Murray Underwood testified in their respective depositions about their personal knowledge of the condition of the roadway at the time they arrived on the scene of the accident and their personal knowledge of other vehicles losing control and having to be towed out of the median within an hour and a half of the accident at issue. Testimony related to other vehicles and/or tractor-trailer combinations that lost control and became stuck in the median immediately after the accident in question on the same day are substantially similar in nature and highly relevant to assisting the jury in evaluating the condition of the roadway and conduct of the parties.

   **Ruling**: This Motion is **GRANTED**.

4. Plaintiff seeks to exclude all evidence of or reference to roadway conditions existing at any time prior to Plaintiff's vehicle encountering the pertinent roadway section.

   Defendants argue the condition of the roadway is relevant. Testimony about mud obstructing the left shoulder and left driving lane prior[1] to the accident is a central issue in this case. This testimony is based on witness Murray Underwood's actual observations and personal knowledge. As such, it is relevant and has no unacceptable chance of misleading or confusing the jury.

   **Ruling**: This Motion is **DENIED**.

5. Plaintiff seeks to exclude all evidence of or reference to Plaintiff's no-contest plea to marijuana possession.

---

[1] Prior, in this case, according to Defendant means within an hour and a half of when the accident transpired.

2

Defense counsel argues it should be permitted to zealously and broadly challenge the credibility of Plaintiff. By filing the instant lawsuit and alleging a need for future psychological care claiming personal injuries, Plaintiff has placed his credibility at issue. Federal Rue of Evidence 609 does not apply to protect Plaintiff as many commentators do not believe that Rule 609 was intended to protect civil litigants.

**Ruling**: This Motion is **GRANTED**.

6. Plaintiff seeks to exclude all evidence of or reference to Plaintiff's employment write-ups regarding destruction of a donation box, using a cell phone while at work, and showing up to work unshaved.

    Defendants acknowledge the three employment write-ups identified in Plaintiff's Motion did not result in a felony or misdemeanor conviction. However, Defendants argue the lack of a criminal conviction does not operate to bar this evidence from being presented to the jury. Defendants state Rule 607 specifically permits defense counsel to zealously challenge Plaintiff's credibility during trial. Moreover, the Committee Notes to Rule 608 provide that specific instances of conduct may be inquired into on cross-examination of the principal witness or of a witness giving an opinion of his character for truthfulness. As such, defense counsel argues it should be entitled to broad cross examination of Plaintiff for purposes of challenging the legitimacy of the injuries and damages he is alleging and for purposes of challenging his credibility which he has voluntarily placed at issue by filing this lawsuit. Furthermore, Defendant submits that Plaintiff denied prior bad conduct during his deposition. Given such, Plaintiff's credibility may now be impeached.

    **Ruling**:   This Motion is **GRANTED**.

    **IT IS SO ORDERED.**

Date: June 29, 2012  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge