IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

OSCAR L. JOHNNY, JR., )
)
      Plaintiff, )
)
      v. ) Case No. 10-04008-CV-FJG
)
LARRY BORNOWSKI and )
STAMPEDE CARRIERS, LLC, )
et al., )
      Defendants. )

# ORDER

**Defendants' Omnibus Motion in Limine (Doc. No. 152)**

1. Defendants seek to exclude all evidence of or reference to the existence of liability insurance.

   Plaintiff states it has no intention of discussing insurance at trial unless Defendants open the door at trial.

   **Ruling**: This Motion is **GRANTED**.

2. Defendants seek to exclude all evidence of or reference to settlement negotiations in the pending lawsuit.

   Plaintiff states it has no intention of discussing mediation or other formal settlement negotiations unless Defendants open the door at trial.

   **Ruling**: This Motion is **GRANTED**.

3. Defendants seek to exclude any testimony or opinions from treating physicians that treated Plaintiff that were not properly identified and that are beyond the information contained within the four corners of Plaintiff's medical records. Defendant states the only treating physician properly identified in Plaintiff's Expert Designations is Michael Broom, M.D.

   Plaintiff states he identified medical providers as non-retained experts in his March 8, 2011 expert disclosures. Furthermore, Plaintiff is unsure as to what evidence Defendants are asking the Court to exclude with regard to the four corners of Plaintiff's medical records. As such, Plaintiff requests the Court

withhold ruling until trial so that the issues and evidence sought to be excluded are clearly identified.

**Ruling**: This Motion is **PROVISIONALLY GRANTED**. Plaintiff must designate all other witnesses, by name, on or before July 9, 2012.

4. Defendants seek to exclude all evidence concerning the wealth or poverty of the parties.

   Plaintiff does not plan on introducing evidence of wealth or poverty unless Defendants open the door on the issue at trial or the jury finds that punitive damages are warranted.

   **Ruling**: This Motion is **GRANTED**.

5. Defendants seek to exclude all evidence or testimony concerning hiring, training, supervision, entrustment, or retention of Defendant Bornowski. All evidence or testimony concerning the conduct by Defendant Stampede Carriers, LLC or conduct other than what Defendant Bornowski did on the date and at the time of the accident in question.

   Plaintiff states that Defendants' request is too vague and overly broad. Although the Court previously ruled that Plaintiff's theory for negligent hiring, retention, training, supervision, and entrustment may not be maintained against Defendant Stampede, without knowing what evidence Defendants specifically seek to exclude, Plaintiff is at a loss. The counts in the petition are all closely related. As such, evidence that tends to support one of the claims that has been dismissed may be relevant to a claim that the jury is able to decide. As such, Plaintiff states evidence should be independently evaluated and requests the Court withhold ruling until trial so that the issues and evidence sought to be excluded can be clearly identified.

   **Ruling**: This Motion is **GRANTED**.

6. Defendants seek to exclude all evidence or testimony concerning the motor carrier profile or safety ratings of Stampede Carriers.

   Plaintiff states that Defendants want to exclude this evidence because it is prejudicial, strongly persuasive, and compellingly relevant. Rule 403 does not make it inadmissible on that account. The evidence is relevant to the issues being tried.

   **Ruling**: This Motion is **GRANTED**.

2

Case 2:10-cv-04008-FJG   Document 165   Filed 06/29/12   Page 2 of 6

7. Defendants seek to exclude all evidence or testimony concerning punitive damages or alleged punitive conduct.

   Plaintiff argues this Court issued an order that only *provisionally* dismissed Plaintiff's claim for punitive damages. As such, Plaintiff still has an opportunity to prove that Defendants acted with reckless disregard for the safety of others required to support a claim of punitive damages. Furthermore, Plaintiff claims this is yet another example of Defendants' refusal to identify the specific evidence they seek to have excluded. Because of this, Plaintiff requests the Court deny this Motion or withhold ruling until trial so that the issues and evidence sought to be excluded is clearly identified.

   **Ruling**: This Motion is **PROVISIONALLY GRANTED**.

8. Defendants seek to exclude all per diem and/or mathematical formula arguments by Plaintiff's counsel.

   Plaintiff states it has no plans to ask the jury to calculate a dollar amount based on an hourly or even daily figure. To the extent Defendant's Motion is intended to limit Plaintiff's closing argument, Plaintiff objects.

   **Ruling**: This Motion is **PROVISIONALLY GRANTED**.

9. Defendants seek to exclude all "Golden Rule" arguments by Plaintiff's counsel.

   Plaintiff states it is unsure as to what, exactly, Defendants are trying to prevent with this Motion. Plaintiff has no intention of using the phrase "put yourself in his shoes" to the jury. Plaintiff states, though, that he should be given wide latitude in closing argument as Johnny is a naturally sympathetic figure. As such, Plaintiff requests the Court either deny the Motion or withhold ruling until trial.

   **Ruling**: This Motion is **PROVISIONALLY DENIED**. Defendant must specify what limitations it wishes to place on Plaintiff by July 9, 2012.

10. Defendants seek to exclude all disparaging and inflammatory remarks concerning the trucking industry or defense counsel.

    Plaintiff states it intends to try this case on the merits and has no intentions of asking the jury to punish the trucking industry as a whole or to render a verdict based on their perceptions of counsel. However, since Defendants have failed to identify a specific example of the evidence they wish to exclude, Plaintiff objects to this Motion or asks this Court to withhold ruling until trial so that the issues can be clearly identified.

    **Ruling**: This Motion is **GRANTED**.

3

11. Defendants seek to exclude all improper opinions from investigating Oklahoma Highway Patrol Officer, Toy Thilges. Specifically, any opinions related to probable contributing circumstances other than the condition of the roadway Officer Thilges actually observed, accident reconstruction, fault or any portion of the police report that attempts to offer improper opinions or contains hearsay should be excluded.

    Plaintiff states he indicated his intent to have responding police testify to the cause of the accident in his expert disclosures. As such, Defendants should not be allowed to now file a motion to exclude Officer Thilges's testimony. Furthermore, Officer Thilges has been trained in responding to and investigating accident scenes. It is because of this specialized training and his lengthy experience that he is qualified to give opinions on the wreck at issue.

    **Ruling**: This Motion is **<u>PROVISIONALLY DENIED</u>**. The Court reserves its ruling on this issue based on the evidence to be presented at trial.

12. Defendants seek to exclude all gratuitous statements concerning Plaintiff's good nature or honesty.

    Plaintiff states the jury must be allowed to understand who Mr. Johnny is so they can understand just how much was taken from him in the wreck. This is directly relevant to Mr. Johnny's pain and suffering as Mr. Johnny struggles daily with pain, and the noble manner in which he copes with this daily struggle is a significant part of his damages.

    **Ruling**: This Motion is **<u>PROVISIONALLY GRANTED</u>**. The Court would like Plaintiff to submit any specific statements he wishes to submit to the jury.

13. Defendants seek to exclude any and all references to other verdicts in automobile accident cases.

    Plaintiff has no plans to identify the dollar amount of verdicts rendered in other cases to the jury. However, to the extent Defendants' Motion is intended to limit Plaintiff's closing argument, Plaintiff objects.

    **Ruling**: This Motion is **<u>PROVISIONALLY GRANTED</u>**. Closing argument must reflect the evidence presented.

14. Defendants seek to exclude any updated or altered expert opinions from Plaintiff's experts.

    Plaintiff states Defendants' Motion is overly broad and vague. As such, Plaintiff is unable to respond that requests this Court deny this Motion or withhold ruling until trial so the issues sought to be excluded are clearly identified.

4

**Ruling**: This Motion is **PROVISIONALLY GRANTED**. This type of modification should be timely made in advance of trial by July 9, 2012.

15. Defendants seek to exclude any inadmissible hearsay statements.

    Plaintiff states that because of the complex nature of hearsay rules, hearsay exceptions, and Defendants' failure to identify any evidence they wish to have excluded based on hearsay, Plaintiff is unable to respond. As such, Plaintiff requests this Court deny the Motion or withhold ruling until trial so the issues sought to be excluded are clearly identified.

    **Ruling**: This Motion is **PROVISIONALLY GRANTED**. Any such objections should be made at the bench during trial and out of hearing of the jury.

16. Defendants seek to exclude all evidence or reference to pre-accident or post-accident incidents involving Defendant Bornowski or citations issued to Defendant Bornowski.

    Plaintiff states Defendant Bornowski's prior incidents of speeding are relevant and admissible. This is particularly the case since the investigating officer determined that Bornowski was driving too fast and that similar to Bornowski's previous incidents, Bornowski lost control of his vehicle and careened off the road in this case.

    **Ruling**: This Motion is **PROVISIONALLY GRANTED**.

17. Defendants seek to exclude all evidence or references to Defendant Bornowski's expired medical examiner's certificate.

    Plaintiff states the Court has already ruled on this issue. To the extent Plaintiff lays the proper foundation at trial, such evidence ought to be admitted.

    **Ruling**: This Motion is **PROVISIONALLY DENIED**.

18. Defendants seek to exclude all evidence or references to the outdated ATRI study relied on by Plaintiff's Expert Christina Kelly.

    Plaintiff responds that since the Court has already ruled on this issue, Defendants' Motion is without merit.

    **Ruling**: This Motion is **PROVISIONALLY DENIED**.

19. Defendants seek to exclude any references to the intent or state of mind possessed by Plaintiff by any witness without a proper foundation. This includes, among other things, testimony from any witness, including treating physicians and Plaintiff's desire to improve his physical situation.

5

Case 2:10-cv-04008-FJG   Document 165   Filed 06/29/12   Page 5 of 6

Plaintiff states Johnny's struggle to overcome the injuries he sustained are relevant to his pain and suffering. This struggle can be seen by those close to him and by his medical providers. Part of evaluating a patient is to understand the patient's state of mind so as to determine whether or not the patient is fully embracing medical advice. The experts who examined Johnny are prepared to testify about his condition, including his desire to overcome his injuries. His friends and family are prepared to testify about the changes they have seen in Johnny since the accident. To the extent Plaintiff lays the proper foundation at trial, such evidence ought to be admitted.

**Ruling**: This Motion is **PROVISIONALLY DENIED**.

**IT IS SO ORDERED.**

Date: June 29, 2012  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge